# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ARQUINCY LEE CARR,

                Plaintiff,

v.

DAVID ZOERNER, RYAN HILL, D. NAEF, LASHONDA GRAY, and N. ZIMMERMAN,

                Defendants.

Case No. 24-CV-74-JPS

**ORDER**

Plaintiff ArQuincy Lee Carr, an inmate confined at Kenosha County Detention Center ("KCDC"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On March 4, 2024, the Court assessed Plaintiff an initial partial filing fee of $0.00. ECF No. 14. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. The Court will deny

as moot Plaintiff's duplicative motions to proceed without prepayment of the filing fee. ECF Nos. 6, 11. Plaintiff must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right

was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff names as Defendants David Zoerner ("Zoerner"), Ryan Hill ("Hill"), D. Naef ("Naed"), Lashonda Gray ("Gray"), and N. Zimmerman ("Zimmerman"). ECF No. 1 at 1. Plaintiff alleges that he was booked into Kenosha County Jail on November 16, 2023, at approximately 8:20 p.m. *Id.* at 3. Plaintiff was taken to segregation per Gray and an unknown person. *Id.* Hill made the determination to place Plaintiff in segregation due to Plaintiff's prior history and flooding. *Id.* Naef, a corporal, wrote the reevaluation on November 24, 2023. Plaintiff had previously been in custody from 2010-2011. *Id.* Plaintiff asserts that these two individuals knew exactly what they were doing and not informing him that he was an ad-seg inmate was malicious. *Id.*

On or about November 19, 2023, Zimmerman alleged that Plaintiff flooded his cell. *Id.* at 4. Plaintiff filed a grievance about this incident and was satisfied with the grievance response. *Id.* Plaintiff asserts that Zimmerman had prior issues with Plaintiff and Zimmerman retaliated against him by denying him a shower, clean cell, and stating that a nurse told him not to wake up Plaintiff. *Id.* During the hearing, Corporal L. Dobbs gave Plaintiff time served due to him not having a handbook and therefore not being informed of the rules. *Id.*

On or about November 20, 2023, Hill accused Plaintiff of throwing an unknown substance on him. *Id.* Hill refused to allow Plaintiff to use the phone and said Plaintiff was on disciplinary seg even though Hill was the one who had placed him on ad-seg. *Id.* After Dobbs gave him time served, Plaintiff was still on ad-seg status until he received a new sanction from a hearing officer. *Id.* Plaintiff maintains that KCDC tries to illegally and maliciously place inmates on a discipline status. *Id.*

Plaintiff filed a grievance and Corporal K. Eschmann responded. *Id.* at 4-5. Chargers were filed per state 228. *Id.* at 5. On November 23, 2023, Plaintiff was taken to an outside hospital for pre-surgery CABG (quadruple bypass). *Id.* He discharged himself on November 26, 2023, to attend court the following day. *Id.* After returning from the hospital, Gray held a hearing regarding the incident with Hill. *Id.* Plaintiff filed a grievance about this hearing and Gray responded. Plaintiff appealed and received no response. *Id.*

### 2.3 Analysis

First, the Court finds that Plaintiff may not proceed on a due process claim for his placement in segregation. A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to heard. *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir.2002) (citing *Rapier v. Harris*, 172 F.3d 999, 1004–05 (7th Cir.1999)). But no process is required if he is placed in segregation not as punishment but for managerial reasons or because he is considered a suicide risk. *Id.* (citations omitted). Likewise, a hearing is not required if a pretrial detainee is placed in segregation to protect himself from other prisoners, or to protect jail staff from him. *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)). As long as the

purpose is a preventive rather than a punitive one, he would not be entitled to notice and a hearing. *Id.*

Here, Plaintiff provides that he was placed in segregation due to flooding and his prior history. Flooding is, of course, not a punitive reason to place a prisoner in any specific cell. It is less clear what Plaintiff's prior history means; however, it suggests that the officials may have placed Plaintiff in segregation due to him being a potential harm to himself or others. As such, Plaintiff's complaint as currently pled does not show that he was entitled to a hearing prior to his placement in segregation, and therefore fails to state a due process claim.

Second, the Court finds that Plaintiff's complaint does not contain sufficient facts to allow him to proceed on a First Amendment claim for denying him access to the telephone. Prisoners have a First Amendment right to communicate with others outside prison, but they do not have an unlimited right to telephone use. *See Thornburgh v. Abbott*, 490 U.S. 401, 109 (1989); *Boriboune v. Litscher*, 91 F. App'x 498, 499 (7th Cir. 2003). Under *Turner v. Safley*, 482 U.S. 78, 89 (1987), a prisoner's telephone access may be limited as long as the restriction is reasonably related to a legitimate penological interest. *Boriboune*, 91 F. App'x at 499.

Here, Plaintiff alleges that Hill refused to let him use the phone on November 20, 2023. Plaintiff does not include any facts about how long he was denied access to a telephone, and only a short delay in access to the telephone would not violate the constitution. As such, the Court therefore does not discern a First Amendment violation that may proceed.

Third, the Court finds that Plaintiff may not proceed on an Eighth Amendment conditions of confinement claim against any defendants. A prisoner's claim of unconstitutional conditions of confinement is analyzed

Page 5 of 10
Case 2:24-cv-00074-JPS   Filed 04/29/24   Page 5 of 10   Document 15

under the Eighth Amendment's cruel and unusual punishment clause. *See Farmer v. Brennan*, 511 U.S. 832, 834 (1994). A prisoner is entitled to live in conditions that do not amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Detainees are entitled to be confined under humane conditions that provide for their "basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]" *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

To establish a constitutional violation with respect to an inmate's living conditions, he must be able to demonstrate both: (1) the conditions were objectively so adverse that they deprived him "of the minimal civilized measure of life's necessities," and (2) the defendants acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834). "Life's necessities include shelter, heat, clothing, sanitation, and hygiene items." *Woods v. Schmeltz*, No. 14-CV-1336, 2014 WL 7005094, at *1 (C.D. Ill. Dec. 11, 2014) (citing *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)); *see also Budd v. Motley*, 711 F.3d 840, 842–43 (7th Cir. 2013). Exposure to extreme cold without alternative means to keep warm constitutes cruel and unusual punishment. *See Flores v. O'Donnell*, 36 F. App'x 204, 206–07 (7th Cir. 2002).

Here, Plaintiff only vaguely references that Zimmerman denied him a clean cell or a shower. In order to proceed on an Eighth Amendment claim, Plaintiff must provide more facts regarding his conditions and also specify the length of time that such conditions lasted. Missing one shower, in most circumstances, for example, would not amount to an Eighth Amendment claim because it is not something that would deprive him of

Page 6 of 10
Case 2:24-cv-00074-JPS   Filed 04/29/24   Page 6 of 10   Document 15

the minimal measure of life's necessities. Plaintiff must therefore provide more specific information regarding this claim in order to proceed.

In sum, the Court finds that Plaintiff's complaint as currently pled fails to state a claim upon which relief can be granted. The Court will allow Plaintiff the opportunity to file an amended complaint on or before **May 20, 2024** to cure the deficiencies identified in this Order. When writing his amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances,

the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

3. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's duplicative motions for leave to proceed without prepaying the filing fee, ECF Nos. 6, 11, be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **May 20, 2024**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income

credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 29th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.