# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ARQUINCY LEE CARR,<br><br>      Plaintiff,<br><br>v.<br><br>DAVID ZOERNER, RYAN HILL, D. NAEF, LASHONDA GRAY, N. ZIMMERMAN, LEONA DOBBS, JOEL ALBERTH, and DURK MACDONALD,<br><br>      Defendants. | Case No. 24-CV-74-JPS<br><br>**ORDER** |

  Plaintiff ArQuincy Lee Carr, an inmate confined at Green Bay Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF No. 1. On April 29, 2024, the Court screened Plaintiff's complaint, found that if failed to state a claim, and allowed him the opportunity to file an amended complaint. ECF No. 15. On May 24, 2024, Plaintiff filed an amended complaint. ECF No. 16. This Order screens Plaintiff's amended complaint.

1.  **FEDERAL SCREENING STANDARD**

  Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2.  **PLAINTIFF'S ALLEGATIONS**

Plaintiff names as Defendants David Zoerner ("Zoerner"), Ryan Anthony Hill ("Hill"), D. Naef ("Naef"), Lashonda Gray ("Gray"), N. Zimmerman ("Zimmerman"), Leona Dobbs ("Dobbs"), Joel Alberth ("Alberth"), and Durk MacDonald ("MacDonald"). ECF No. 16 at 1. Plaintiff alleges that he was booked into Kenosha County Jail ("KCJ") on

Page 2 of 8
Case 2:24-cv-00074-JPS    Filed 09/04/24    Page 2 of 8    Document 20

November 16, 2023, at approximately 8:30 p.m. *Id.* at 2. Hill and Naef placed him on administrative segregation based on his prior history. *Id.* Plaintiff was unaware that he was on administrative segregation status until approximately November 19, 2023, when he received documentation about his status. *Id.* The night he was booked into jail, Plaintiff told Zimmerman that he wanted a shower, clean cell, and recreation. *Id.* at 3. Zimmerman denied Plaintiff's requests and denied him medical attention as well. *Id.* Zimmerman gave the excuse that the nurse said that they should let Plaintiff sleep. *Id.*

Hill placed Plaintiff on ad seg without due process. *Id.* at 4. Hill later gave Plaintiff an incident report in order to strip Plaintiff of ad seg status. *Id.* Hill did not file for state charges until November 23, 2023, days after alleging that Plaintiff threw contaminated water at him. *Id.* Hill retaliated against Plaintiff after his bond hearing. *Id.* at 6. Hill denied Plaintiff water and a toilet that flushed for over three hours. *Id.* Hill ripped up Plaintiff's documentation in a fit of rage. *Id.*

Plaintiff went to the hospital on November 21, 2023, where he underwent open heart surgery the following day. *Id.* Plaintiff checked out of the hospital on November 26, 2023, in order to attend a court hearing. *Id.* Upon his return, Gray wanted to have a hearing for Hill. *Id.* Plaintiff appealed Gray's decision and Gray responded; this was bias because she participated in the hearing. *Id.*

Plaintiff was transferred to Kenosha County Detention Center ("KCDC") on December 12, 2023, when another inmate filed a PREA against him. *Id.* at 8. This was a punishment since KCDC mixes seg inmates with DS inmates and COVID patients. Since that time, Plaintiff has been in segregation for over 180 days. *Id.* Plaintiff's health has been fluctuating and

he has been rushed to the ER three times due to his pulse crashing. *Id.* On May 3, 2024, Alberth lied and told authorities that Plaintiff threw urine on him. *Id.* Alberth also alleged that Plaintiff said he has HIV; Plaintiff does not have HIV. *Id.* As a result, the DA issued a motion to compel HIV/STP testing. *Id.* Alberth took Plaintiff's sandwiches and refused to replace them. *Id.* On May 4, 2024, MacDonald gave Plaintiff a hearing without waking Plaintiff. *Id.* He gave Plaintiff three days in segregation. *Id.* at 10. MacDonald failed to provide Plaintiff notice of the hearing, allow witnesses, and to provide Plaintiff with an impartial hearing. *Id.*

Plaintiff is currently housed with inmate William Kelly. *Id.* Kelly constantly kicks the door, smears feces, pushes urine out of the door, puts clothes in the toilet full of feces, refuses to shower, and plays with feces. *Id.* Another inmate has not showered since approximately March 6, 2024.

3.  **ANALYSIS**

The Court finds that Plaintiff's amended complaint fails to comply with Federal Rules of Civil Procedure 18 and 20. While multiple claims against a single party are fine, a plaintiff cannot bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions").

Here, Plaintiff brings various grievances against Defendants at both KCJ and KCDC over a period of several months. He appears to bring the following types of claims: (1) hearings without due process; (2) unconstitutional conditions of confinement; and (3) and inadequate medical treatment. As such, the Court finds that Plaintiff's amended complaint violates Rules 18 and 20 because he seeks to bring unrelated claims against unrelated defendants. When a plaintiff has improperly joined unrelated claims against unrelated defendants, the court must reject the complaint "either by severing the action into separate lawsuits or by dismissing the improperly joined defendants." *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing Fed. R. Civ. P. 21). Rather than the Court deciding which claims to sever (remove from the case) or which defendants to dismiss, the Court will instead give Plaintiff an opportunity to choose which of the above-described unrelated claims he wants to pursue in this case, and which he wants to bring in separate cases. The Court will give the plaintiff a deadline by which to file a second amended complaint that focuses on the related claim(s) of his choice. If he wishes to pursue the other unrelated claims, he may file separate complaints regarding those claims. If Plaintiff fails to file a second amended complaint by the deadline, the Court will choose which claim(s) to allow Plaintiff to pursue and will dismiss any improperly joined claims/defendants.

The Court will allow Plaintiff the opportunity to file a second amended complaint on or before **September 26, 2024** to cure the deficiencies identified in this Order. When writing his second amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each

person violate his rights?; and (4) When did each person violate his rights? Plaintiff's second amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list all of the defendants in the caption of his second amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the second amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The second amended complaint supersedes the prior complaints and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the second amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

4. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the amended complaint, ECF No. 16, violates Federal Rules of Civil Procedure 18 and 20; and

**IT IS FURTHER ORDERED** that Plaintiff may file a second amended complaint that complies with the instructions in this Order on or before **September 26, 2024**. If Plaintiff files a second amended complaint by the deadline, the Court will screen that complaint under 28 U.S.C. § 1915A If Plaintiff does not file a second amended complaint by the deadline, the Court will choose which claims to screen and will dismiss any improperly joined claims/defendants; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form.

Dated at Milwaukee, Wisconsin, this 4th day of September, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.